UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L<small>AWRENCE</small> L. C<small>OLTON</small>,

    Petitioner,

v.

J.A. T<small>ERRIS</small>,

    Respondent.
_____/

Case No. 18-cv-13296

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

### I. I<small>NTRODUCTION</small>

Lawrence Lalonde Colton, ("Petitioner"), incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his conviction and sentence out of the United States District Court for Minnesota for conspiracy to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and three counts of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.

For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED, and Petitioner's application for leave to appeal *in forma pauperis* is GRANTED.

1

## II. FACTUAL BACKGROUND

Petitioner was convicted following a jury trial in the United States District Court for the District of Minnesota. Petitioner's conviction and sentence was affirmed on appeal. *United States v. Colton*, 742 F. 3d 345 (8th Cir. 2014). Petitioner filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Colton*, No. 15-1226, 2015 WL 3968750 (D. Minn. June 30, 2015).

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that he was denied due process when the district court judge in the United States District Court for the District of Minnesota denied his motion to vacate sentence by failing to apply the applicable standard contained in 28 U.S.C. § 2255 for reviewing and adjudicating motions to vacate sentence and for failing to conduct an evidentiary hearing.

## III. DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts can also dismiss a habeas petition that is legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the

exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit stated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.3d 134, 140 (6th Cir. 1970). A district court shall screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez*, 157 F. Supp. 2d at 796 (additional citations omitted). Because the current petition is facially insufficient to grant habeas relief, the petition shall be summarily dismissed. *Id.*

A federal prisoner may challenge his or her conviction or the imposition of a sentence under 28 U.S.C. § 2241 only if he or she can demonstrate that the post-conviction remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012). A petition for writ of habeas corpus brought under 28 U.S.C. § 2241 cannot be used as an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A habeas petitioner has the burden of demonstrating that the remedy afforded under § 2255 is inadequate or ineffective and the mere fact that a

prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief was denied, because the petitioner was procedurally barred from pursuing relief under § 2255, or because the petitioner was denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley*, 677 F.3d at 303.

Petitioner cannot file a petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his conviction and sentence. The remedy provided for under § 2255 is not inadequate or ineffective even where a motion to vacate or set aside sentence may have been erroneously or incorrectly denied. *Wallace v. Willingham*, 351 F.2d 299, 300 (10th Cir. 1965); *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965). Petitioner was given an opportunity to raise his claims on post-conviction review. "The mere fact that" the judge in the District of Minnesota has "not found [petitioner's] arguments persuasive is not enough to satisfy his burden of showing that his remedy under § 2255 is inadequate or ineffective." *See Brewster v. Perez*, 36 F. App'x 781, 783 (6th Cir. 2002). Likewise, "the district court's denial of § 2255 relief on the merits without conducting an evidentiary hearing, standing alone, is insufficient to establish that his § 2255 remedy is inadequate or ineffective." *Genoa v. Hemingway*, 14 F. App'x 300, 302 (6th Cir. 2001).

Habeas corpus relief is unavailable to a federal prisoner like Petitioner whose claims have already been ruled upon adversely in a prior proceeding. *See e.g. Sandles v. Scott*, 26 F. Supp. 2d 1355, 1356–57 (N.D. Ga. 1998). Petitioner's post-conviction claims were already decided adversely against Petitioner in his prior motion to vacate sentence; he cannot raise these claims again in a § 2241 habeas petition. *See Casey v. Hemingway*, 42 F. App'x 674, 676–77 (6th Cir. 2002). In addition, a petition for writ of habeas corpus under § 2241 is not the proper vehicle for appealing the denial of a prior motion to vacate sentence, as petitioner appears to be doing. *See e.g. Hurwitz v. Gunja*, 11 F. App'x 349, 350 (4th Cir. 2001). The fact that another federal judge has already rejected petitioner's claims does not permit this Court to act as an appellate court with respect to that ruling. *See e.g. Frye v. Clark*, 444 F.2d 536, 537 (5th Cir. 1971).

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant petitioner

leave to appeal *in forma pauperis* because any appeal would be taken in good faith.
*See Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

    IT IS SO ORDERED.


Dated:    March 7, 2019

                                    s/Gershwin A. Drain
                                    HON. GERSHWIN A. DRAIN
                                    United States District Court Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 7, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager